1
2
3

Duane A. Admire, State Bar No. 173699
ADMIRE & ASSOCIATES
12880 Carmel Country Road, Suite D110
San Diego, CA 92130
Telephone:  (619) 316-6658
Facsimile:  (858) 350-1046

4
5

Attorneys for Defendants and Cross Complainants
PROACTIVE PREPAREDNESS, INC., d/b/a
SURVIVALKIT

6

7

### UNITED STATES DISTRICT COURT

8

### CENTRAL DISTRICT OF CALIFORNIA

9

10

11

SILVER TIP PARTNERS, LLC, a
California limited liability company,

CASE NO.: 2:16-CV-05826-VAPS-AS

12

        Plaintiff,

**[E-FILE]**

13

        vs.

14

PROACTIVE PREPARDNESS, INC.,
d/b/a SURVIVALKIT, a Utah
corporation; and
DOES 1 through 10, L, and DOES 1-
100, inclusive,

**ANSWER TO COMPLAINT**

15

16

17

        Defendant

18

19

20

21

22

23

24

1.      Defendant and Third Party Plaintiffs PROACTIVE PREPAREDNESS [wrongfully
spelled in the suit as Prepardness], INC., d/b/a SURVIVALKIT, a Utah corporation answers the
Complaint of Plaintiff SILVER TIP PARTNERS, LLC, a California limited liability company, as
follows:

25

**FIRST DEFENSE**

26

27

28

2.      Plaintiff's Complaint fails to state any claims upon which relief can be granted, pursuant
to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SECOND DEFENSE  (Response to Numbered Paragraphs)**

3.     Defendant denies each and every allegation contained in Plaintiff's Complaint, including its prayers for relief, except those that have been expressly admitted herein. Defendant further responds to the specific allegations of Plaintiff's Complaint, in accordance with the order and number of the paragraphs in which they are set out, as follows:

1.   Admitted.

2.   Admitted.

3.   Denied.  On June 9, 2014, this same Plaintiff filed the same lawsuit against the former owners of the website "survivalkit.com" for the exact same copyright infringement for the same photo in case number 14CV1406H NLS in the Southern District of California and therein claimed in paragraph 4 of that complaint that "venue is proper…because…a substantial part of the events or omissions giving rise to the claim occurred in this judicial district" and on that basis, deny this allegation. (See copy of lawsuit attached as **Exhibit A**.)

4.   Admitted.

5.   Admitted.

6.   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 6 of the Complaint and, on that basis, deny those allegations.

7.   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 7 of the Complaint and, on that basis, deny those allegations.

8.   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 8 of the Complaint and, on that basis, deny those allegations.

9.    Defendant denies the allegations in paragraph 9 that it distributed the subject image or further contributed to the infringement of Plaintiff's copyrights or engaged in any wrongful practices alleged.    Further, Defendant purchased this website with all its photos from Ray McGucci, Edgar Lazarian, and Galust Mkrtchyan, the "Third Party Defendants." These and other facts were known to the Plaintiff when he filed his previous lawsuit in the Southern District of California as he stated in paragraph 20 of that previous lawsuit:

20.  In January 2013, while illegally displaying Plaintiff's protected photograph, Defendants sold their website for $95,000.  In this sale, Defendants falsely represented that they had "obtained a license" and warranted that the transfer of the website to the Buyer would "not cause the Buyer to breach any law". (See **Exhibit A**).

Plaintiff further said in its 2004 lawsuit against survival kit:

"Nevertheless, in April 2014 Plaintiff discovered that Defendants were still advertising its protected image on the same website." (See paragraph 21, **Exhibit A**).

As such, Plaintiffs current lawsuit is barred by the doctrine of res judicata.  Which states that any attempt by parties or those in privity with them to relitigate matters that were raised or could have been raised in prior proceeding is barred by doctrine of res judicata.

10.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10 of the Complaint and, on that basis, deny those allegations.

11.    Defendant repeats its admissions and denials and incorporate them herein by reference as though fully set forth in response to the allegations contained in the preceding paragraphs of this Answer.

12.    Defendant Admits that when the website was sold to it by Third Party Defendants that the subject work was included on the purchased website, but Defendant later removed the subject work and have no knowledge as to whether or not the subject work was on third-party websites.

13. Defendant denies that they distributed images of the Subject Work or exploited said images in website posts and in fact deleted Plaintiff's image from their website.

14. Defendant denies any acts of infringement, as the subject photo was on the website they purchased the rights to and was without any copyright markings and are without knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff has suffered damages.  The photo was subsequently removed from Defendant's website.  Further, Plaintiff denies it obtained any profits it would not have otherwise realized but for the alleged infringement of the Subject Work.

15. Defendant denies it committed any copyright infringement with willful, intentional and/ or malicious intent.  Defendant denies ever receiving any actual notice of copyright infringement and in fact on the only occasion Defendant received actual notice from the Plaintiff of any copyright infringement was from being served with this present lawsuit.  Thereafter, Defendant immediately found and deleted said photo from its server; the photo had previously been removed from its website. Defendant was sold the website with the IP rights to all of the website content and any liability Defendant may have to Plaintiff should be paid or indemnified by Third Party Defendants.  The written contract for purchase of the website states there are "no unauthorized use or…infringement…of IP"… Further, Third Party Defendants represented in their contract that they had "obtained a license" and warranted that the transfer of the website to the Buyer would "not cause the Buyer to breach any law". (See sales contract attached as **Exhibit B**).  Defendant would not have agreed to purchase the website from Third Party Defendants had it known the website they were purchasing included a copyright infringing photo.

16. Defendant repeats its admissions and denials and incorporate them herein by reference as though fully set forth in response to the allegations contained in the preceding paragraphs of this Answer.

17. Denied.

18. Denied.

19.   Denied. By simply comparing paragraph 19 in this lawsuit with paragraph 20 in Plaintiffs previous filed lawsuit illustrates that Plaintiff is knowingly making these false claims against this Defendant.  In this lawsuit, Plaintiff claims:

> Defendant…knowingly removed and altered the copyright management information on the Mislabeled Copies by either cropping the copyright management information form the Mislabeled Copies and/or altering the copyright management information contained within the metadata of the Mislabeled Copies.

When Plaintiff filed his previous lawsuit in the Southern District of California against the previous owners of the website, he stated in paragraph 19 & 20 of that previous lawsuit:

> 19.  When Defendants posted this image, they cropped it so as to remove the signature of Mr Pack and included their own copyright notice.
> 20.  In January 2013, while illegally displaying Plaintiff's protected photograph, Defendants sold their website for $95,000.  In this sale, Defendants falsely represented that they had "obtained a license" and warranted that the transfer of the website to the Buyer would "not cause the Buyer to breach any law". (See **Exhibit A**).

As shown, Plaintiff was well aware that the current Defendant purchased this website with the offending photo included.   However, Plaintiff makes the knowingly false claim that this Defendant altered the photo when he knew of a surety it had been previously altered and that this Defendant unknowingly purchased this website which included the offending photo; Further, Plaintiff made no attempt to contact the Defendant to ask them to remove the photo, they instead filed this lawsuit.  Plaintiff makes this knowingly false claim only in an attempt to enhance the common law and statutory damages and penalties.

20.   Denied.  Such conduct did not occur by this Defendant.

21.   Denied.  Such conduct did not occur by this Defendant.

//

//

**THIRD DEFENSE**

4.      The damages, if any, allegedly suffered by Plaintiff were not the proximate result of any alleged conduct, actions or inactions by Defendants.

**FOURTH DEFENSE**

5.      To the extent Plaintiff is entitled to any monetary relief from Defendants, which is denied, Defendants plead that Plaintiff failed to mitigate damages in bar and/or mitigation Plaintiff's claims.  Further, Plaintiff made no attempt to contact the Defendant to ask them to remove the photo, they instead filed this lawsuit.

**FIFTH DEFENSE**

6.      To the extent Plaintiff is entitled to any monetary relief from Defendants, which is denied, Plaintiff's claims are subject to set off.

**SIXTH DEFENSE**

7.      Plaintiffs current lawsuit is barred by the doctrine of res judicata.

**SEVENTH DEFENSE**

8.      Defendant further alleges, by way of affirmative defense, that plaintiff delayed for more than *3 years* in bringing this action, which period of time was unreasonable under the circumstances. Plaintiff knew of the activities and that Defendant had purchased this site with the offending photo, and yet failed to inform defendant of any intention on his part to sue for copyright infringement. Therefore, plaintiff is guilty of laches and should be barred from maintaining this action.

**EIGHTH DEFENSE**

9.      Defendant further alleges, by way of affirmative defense, that this action is barred by Section 507(b) of the Federal Copyright Act of 1976 (17 U.S.C.A. § 507(b)), which provides that

no civil action may be maintained under the Copyright Act unless it is commenced within three years after the claim accrues.

**NINTH DEFENSE**

10.     Defendant affirmatively alleges that regardless of plaintiff's alleged copyright in the photo, Defendant has incurred no liability for actual or statutory damages, in that the copy of the photo that Defendant purchased contained no copyright notice as provided by the Copyright Act of 1976, specifically Section 401(a) of Title 17 of the United States Code Annotated (17 U.S.C.A. § 401(a)).  As such, the Defendants states a defense based on innocent infringement in mitigation of actual or statutory damages. 17 U.S.C.A. § 401(d).

**TENTH DEFENSE**

11.     Defendant further alleges, by way of affirmative defense, that even if defendant infringed plaintiff's copyright, plaintiff should still be estopped to assert any such infringement, because plaintiff was at all times fully apprised of the activities alleged in plaintiff's complaint to constitute infringement, which activities continued over a period of more than *3 years* and yet at no time did plaintiff make raise any objection or in any other way give defendant reason to believe its activities constituted infringement of any copyright belonging to plaintiff.

**ELEVENTH DEFENSE**

12.     The Complaint and each claim for relief contained in it are barred by the doctrine of waiver.

**TWELFTH DEFENSE**

13.     The Plaintiff's claims for relief are barred or reduced because Defendant was justified in engaging in the conduct, if any, alleged in the Complaint.

//

//

**THIRTEENTH DEFENSE**

14.     Defendant alleges that Defendant was excused to perform certain acts alleged in the Complaint.

**FOURTEENTH DEFENSE**

15.     At all times relevant to the Complaint, Defendant's conduct was in good faith with non-willful intent.

**FIFTEENTH DEFENSE**

16.     Defendant is informed and believes, and on that basis alleges that the Complaint is barred, in whole or in part, because Plaintiff has not suffered any losses, damages or detriments, in any sum or amount whatever, as a result of Defendant's activities alleged in the Compliant.

**SIXTEENTH DEFENSE**

17.     Defendant is informed and believes, and on that basis alleges that the Complaint is barred, in whole or in part, because to the extent Plaintiff has suffered any losses, damages or detriments, in any sum or amount whatever, such harm was caused by the intentional or negligent acts, omissions or misconduct of others, including Plaintiff and its agents.

**SEVENTEENTH DEFENSE**

18.     Defendant alleges that the Complaint is barred, in whole or in part, by the doctrine of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

19.     The damages alleged in the Complaint are impermissibly remote and speculative and, therefore, Plaintiff is barred from the recovery of any such damages against Defendant in this action.

**FOURTEENTH AFFIRMATIVE DEFENSE**

20.     Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff executed a valid and enforceable agreement authorizing and consenting to the alleged conduct of Defendant on which the claims are based.

**REQUEST FOR RELIEF**

21**.**     **WHEREFORE, Defendant requests judgment against Plaintiff as follows:**

1. Plaintiff takes nothing by virtue of its Complaint, and the Complaint be dismissed with prejudice;

2. The court award reasonable attorney's fees and costs; and

3. The court grant such other relief as the court may deem just and proper.

Dated: December 9, 2016                              ____/s/ _Duane A. Admire_____
                                                                          Duane A. Admire, Esq.
                                                                          Attorney for Defendant
                                                                          PROACTIVE PREPAREDNESS

# EXHIBIT A

Aubrey A. Haddach, SBN: 237219
14677 Via Bettona, Ste 110-111
San Diego, CA 92127
Email: aubrey@thehaddachlawoffice.com
Attorney for Plaintiff
Silvertip Partners, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVERTIP PARTNERS, LLC, a Delaware Limited Liability Company, | Docket No. '14CV1406 H   NLS |
| Plaintiff, | |
| vs. | |
| Edgar Lazarian, an Individual, | **COMPLAINT** |
| Galust Mkrtchyan, an Individual, and | |
| Does 1-10, Inclusive | **JURY TRIAL DEMANDED** |
| Defendants. | |

SILVERTIP PARTNERS, LLC (herein after "Plaintiff"), by and through tits undersigned counsel, for its Complaint against Defendants EDGAR LAZARIAN, GALUST MKRTCHYAN, and Does 1-10, inclusive (collectively "Defendants") states and alleges as follows.

1
COMPLAINT FOR DAMAGES

# INTRODUCTION

1.  Plaintiff provides photojournalism goods and services and owns the rights to a multitude of high quality photographs, which it licenses to online and print publications.  Plaintiff has obtained copyright registrations covering these photographs.

2.  Defendants owned and operated a website known as www.survivalkit.com (the "Website") and without permission or authorization from Plaintiff, copied, modified, and displayed Plaintiff's photographs on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws, among others.

# JURISDICTION AND VENUE

3.  This Court has original and exclusive subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), in that the case arises out of claims for copyright infringement under 17 U.S.C. §501(a); and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) in that the state claims are so related to the claims over which the court has original jurisdiction that they form part for the same case or controversy.

4.  This venue is proper, *inter alia,* pursuant to 28 U.S.C. §1391(b) because on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and have caused damages to Plaintiff in this jurisdiction.

5.  Personal jurisdiction exists over Defendants because on information and belief, Defendants conduct business in California and in this judicial district, have purposefully directed action to California and this district, or have otherwise availed themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

## PARTIES

6.  Plaintiff, is now, and was at the time of the events giving rise to this Complaint and at all intervening times, a California Limited Liability Company, duly authorized and licensed to conduct business in California, with its principal place of business in California.

7.  Plaintiff is informed and believes that defendant, Galust R. Mkrtchyan, is an individual residing at 506 East Maple Street, #4, Glendale, CA 91205, or 12001 Dresdon Place, Granada Hills, CA 91344.

8.  Plaintiff is informed and believes that defendant, Edgar R. Lazarian, is a Lead Systems Administrator at California State University, having an address of 1000 East Victoria Street, Carson, CA 90747, and residing at 211 Isabel Street, Glendale, CA 92106, or 22348 Harbor Ridge Lane, Unit 1, Torrance, CA 90502.

9.  The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as Does 1-10, inclusive, are unknown to Plaintiff.  When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

10. Plaintiff further alleges that EDGAR LAZARIAN, GALUST MKRTCHYAN, and Does 1-10, inclusive, sued herein by fictitious names are jointly, severally and concurrently liable and responsible with the named Defendants upon the causes of action herein after set forth.

11. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, EDGAR LAZARIAN, GALUST MKRTCHYAN, and Does 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

# **FACTUAL ALLEGATIONS**

12.  Since 2006, Plaintiff's photographer, Kevin Pack, and Cal Fire have maintained a relationship whereby Mr. Pack is contacted by Cal Fire to take high quality photos of air tankers, helicopters, OV-10's, firefighters, and fire crews working specific high-profile fire incidents.  These jobs are dangerous and Plaintiff has made significant investments both in time and money to maintain this relationship.

13.    Plaintiff is the legal and beneficial owner of a multitude of photographs which it licenses to online/print publications and has invested significant time and money in building its photograph portfolio.

14.   Plaintiff has obtained several active and valid copyright registrations with the United States Copyright Office, which cover many of its photographs.

15.  In August 2012, Plaintiff timely registered its copyright to a specifically valuable image: U.S. Registration No. VA 1-835-659 (Attached hereto as Exhibit A). To obtain this photograph, Mr. Pack incurred high travel costs, spent five days photographing the fire, had added insurance costs, and even risked his life.

16.  Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

17.  Defendants were the registered owners of the Website and are responsible for its content.

18.  On August 16, 2012, and without Plaintiff's permission, Defendants posted Plaintiff's protected photograph on their Website.

19.  When Defendants posted this image, they cropped it so as to remove the signature of Mr. Pack and included their own copyright notice.

20.  In January 2013, while illegally displaying Plaintiff's protected photograph, Defendants sold their website for $95,000.  In this sale, Defendants falsely represented

that they had "obtained a license" and warranted that the transfer of the website to the Buyer would "not cause the Buyer to breach any law".

21.  In May 2013, Defendants' counsel represented to Plaintiff that all images of Plaintiff's copyrighted image had been removed from the web and would no longer be used in any capacity.  Nevertheless, in April 2014 Plaintiff discovered that Defendants were still advertising its protected image on the same website.

22.  Defendants' Website is monetized in that it contains paid advertisements and/or sells merchandise to the public and, on information and belief, Defendants profit from these activities.

23.  Without permission or authorization from Plaintiff, Defendants copied, modified, and/or displayed Plaintiff's protected photograph on the Website (hereinafter "the Infringement").

24.  On information and belief, the photograph was copied without license or permission, thereby infringing on the Copyright Plaintiff owns.

25.  On information and belief, Defendants were aware of the facts or circumstances from which the determination regarding the Infringement was apparent. Based on the totality of the circumstances, Defendants cannot claim that they were not aware of the infringing activities, including the specific Infringement which forms the basis of this complaint, on the Website since such a claim would amount to only willful blindness to the Infringement on the part of Defendants.

26.  On information and belief, Defendants engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

27.  Additionally, on information and belief, with "red flag" knowledge of the Infringement Defendants failed to promptly remove the image.  (*See 17 U.S.C. §512(c)(1)(A)(i)*).

28.  On information and belief, Defendants had received financial benefit directly attributable to the Infringement.  Specifically, by way of the Infringement, the Website

had increased traffic to and, in turn, realized and increase in advertising revenues and/or merchandise sales.  (*See, 17 U.S.C. §512(c)(1)(B)*).  In addition, Defendants sold the website at the time Plaintiff's protect image was illegally being advertised.

29.  As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT

### (*Direct Copyright Infringement - 17 U.S.C. §501 et seq.*)

30.  Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

31.  The Photograph is an original, creative work in which Plaintiff owns protectable copyright interests.

32.  Plaintiff has not licensed Defendants the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyright to Defendant.

33.  Without permission or authorization from Plaintiff and in willful violation of its rights under 17 U.S.C. §106, Defendants improperly and illegally copied, reproduced, distributed, and/or publicly displayed Plaintiff's copyrighted works.

34.  Defendants' reproduction of the Photograph and display of the Photograph on the Website constitutes willful copyright infringement.

35.  On information and belief, thousands of people have viewed the unlawful copies of the Photograph on the Website.

36.  On information and belief, Defendants had knowledge of the copyright infringement alleged herein and had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

37.  As a direct and proximate result of Defendants' misconduct, Plaintiff has been substantially harmed in an amount to be proven at trial.

## SECOND COUNT

### *(Vicarious Copyright Infringement)*

38.  Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

39.  Defendants enjoyed direct financial benefit from the infringing activity of its users and declined to exercise the right and ability to supervise or control that infringing activity, despite their legal right to stop or limit the directly infringing conduct as well as the practical ability to do so.

40.  Accordingly, Defendants are liable as vicarious infringers since they profited from direct infringement while declining to exercise a right to stop or limit it.  (*See, e.g., Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d. 1146, 1171 [9th Cir. 2007]; *Metro-Coldwyn-Mayer Studios Inc. v. Grokster, Ltd.,* 545 U.S. 913, 929-30 [2005])

41.  As a result of Defendants' misconduct, Plaintiff has been substantially harmed in an amount to be proven at trial.

## THIRD COUNT

### *(Inducement of Copyright Infringement)*

42.  Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

43.  Individuals using the Website that Defendants' created, distributed and promoted, have been provided with the means and mechanisms through such Website to directly infringe and are directly infringing Plaintiff's copyright, for example creating unauthorized reproductions of Plaintiff's copyrighted works and distributing copies of such works in violation of Plaintiff's exclusive rights (*17 U.S.C. §§1069 and 501).*

44.  Defendants have induced and continue to induce infringement by, for example, providing technology on the Website to download and/or forward an image to such

7
**COMPLAINT FOR DAMAGES**

social media providers such as Facebook, Instagram, and Twitter and/or failing to block or diminish access to infringing material even though there are technological means to do so that are known to Defendants.

45.  Defendants' infringement is and has been willful, intentional, purposeful, and in disregard to the rights of Plaintiffs, and has caused substantial damage to Plaintiffs.

46.  As a direct and proximate result of Defendants' misconduct, Plaintiff has been substantially harmed in an amount to be proven at trial.

## FOURTH COUNT

### (Violation of the Digital Millennium Copyright Act - 17 U.S.C. §§1202(a) & (b)

47.  Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

48.  When illegally publishing Plaintiff's image on the Website, Defendants removed Plaintiff's copyright management information in violation of 17 U.S.C. §1202(b).

49.  On the Website, Defendants claimed to own Plaintiff's image when they posted their copyright notice adjacent to the photograph.  Providing copyright management information that is false and distributing copyright management that is false is in violation of 17 U.S.C. §1202(a).

50.  As a direct and proximate result of Defendants' misconduct, Plaintiff has been substantially harmed in an amount to be proven at trial.

## FIFTH COUNT

### (Unlawful Business Practices California Business Professions Code §17200 et. seq.)

51.  Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

52.  Defendants wrongful and unlawful use, post, display and/or dissemination of Plaintiff's copyrighted work, and/or forgeries thereof, constitutes an unlawful business practice in violation of, among other things, California Business and Professions Code §§ 17200 through 17203.

53.  Plaintiff is the sole owner of all right, title and interest in the image. Defendants' use, display and dissemination of this image is unauthorized, unfair and unlawful.  Defendants' use, display and dissemination of the image on the website constitutes infringement of Plaintiff's rights.  California's Unfair Competition Law ("UCL") permits civil recover and injunctive relief for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is considered unlawful under any other State, Federal or foreign law.

54.  Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit work is in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods, thereby causing loss, damage and injury to Plaintiff and to the purchasing price.

55.  Defendants knew or by the exercise of reasonable case should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing to marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit work would cause confusion mistake or deception among purchasers, users and the public.

56.  As a direct and proximate result, Defendants' wrongful conduct, as alleged herein, Plaintiff has and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its marks as commercial assets, in an amount as yet unknown to but be determined at trial.

57.  Plaintiff seeks restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and its actual and/or compensatory damages.

## SIXTH COUNT

### *(Injunction Pursuant to 17 U.S.C. §502)*

58.  Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

59.  Plaintiff requests a permanent injunction pursuant to 17 U.S.C. §502(a) prohibiting Defendants from displaying the Infringement.

## SEVENTH COUNT

### *(Attorney Fees and Costs Pursuant to 17 U.S.C. §505)*

60.  Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

61.  Plaintiff requests, pursuant to 17 U.S.C. §505, its attorney fees and costs for the prosecution of this action.

**WHEREFORE,** Plaintiff SILVERTIP PARTNERS, LLC, prays for judgment against Defendants EDGAR LAZARIAN, GALUST MKRTCHYAN, and Does 1-10, inclusive, and each of them, as follows:

A.  Statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of $150,000 per infringement or in the alternative Plaintiff's actual damages and the disgorgement of Defendants' wrongful profits in an amount to be proven at trial; and

B.  For an impounding of all infringing articles under 17 U.S.C. §503; and

C.  For an award of damages for violating 17 U.S.C. §1202 in amount to be determined by the Court, in addition to any fines for copyright infringement; and

10
**COMPLAINT FOR DAMAGES**

D. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* §17200 *et seq.*; and

E. For damages to be proven at trial for common law unfair competition; and

F. For an order from the Court requiring that Defendants provide complete accounting sand for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires; and

G. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession with rightfully belong to Plaintiff; and

H. For criminal penalties based on the willful violation of 17 U.S.C. §§1201-1202 for the purposes of commercial advantage and/or private financial gain in an amount to be determined by the Court; and

I. For damages in an amount to be proven at trial for unjust enrichment; and

J. For an award of exemplary or punitive damages in an amount to be determined by the Court; and

K. A permanent injunction against Defendants pursuant to 17 U.S.C. §502; and

L. Plaintiff's attorneys' fees pursuant to 17 U.S.C. §505; and

M. Plaintiffs' costs; and

N. For such other relief as the Court may deem just and equitable.

///
///
///
///

## **DEMAND FOR JURY TRIAL**

Plaintiff, SILVERTIP PARTNERS, LLC, respectfully demands a trial by jury in this action.

THE HADDACH LAW OFFICE

Dated:  June 9, 2014                    By: *Aubrey Haddach*

Aubrey A. Haddach, Esq.
Attorney for Plaintiff
SILVERTIP PARTNERS, LLC