# United States District Court
# Central District of California



FILED
CLERK, U.S. DISTRICT COURT
FEB 28, 2018
CENTRAL DISTRICT OF CALIFORNIA
BY: ___BH___ DEPUTY

Silvertip Partners, LLC,

                Plaintiff,

v.

Proactive Preparedness, Inc., et al.,

                Defendant.

LACV 16-5826-VAP (ASx)

**Order Granting Third Party Defendants' Motion to Dismiss (Doc. No. 28)**

       On January 8, 2018, Third party Defendants Edgar Lazarian and Galust Mkrtchyan[1] (hereinafter "Defendants") filed a Motion to Dismiss. (Doc. No. 28; hereinafter "Motion.") Defendant and Third party Plaintiff Proactive Preparedness, Inc. ("Proactive") filed an Opposition on February 8, 2018.[2] (Doc. No. 29.) Defendants filed their Reply on February 12, 2018.

       After consideration of the briefs filed in support of and opposition to Defendants' Motion, the Court GRANTS in part and DENIES in part the Motion.

---

[1] Proactive also named Ray McGucci as a third party defendant. McGucci is a fictitious name assumed by Mkrtchyan. (See Mot. at 7 n.1.)

[2] Proactive's Opposition was untimely filed. The Court admonishes Proactive to comply with the Local Rules. See Local Rule 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . .").

## I. BACKGROUND

On January 7, 2013, Proactive purchased a website, www.survivalkit.com, from Defendants for $95,000 pursuant to a purchase agreement ("Agreement"). (Doc. No. 16 ¶ 12.) Under Section 7 of the Agreement, Defendants warranted that the website did not infringe on any third parties' intellectual property rights. (Id. ¶ 13; see also id., Ex. A § 7.) Defendants also agreed to indemnify Proactive for any loss that may result from a breach of Section 7. (Id.)

On August 4, 2016, Silvertip Partners, LLC brought the underlying lawsuit against Proactive for copyright infringement and violation of the Digital Millennium Copyright Act for unlicensed pictures on Proactive's website. (See Doc. No. 1.) On December 9, 2016, Proactive filed a third party complaint against Defendants, alleging (1) breach of contract; (2) intentional misrepresentation; (3) breach of the implied covenant of good faith and fair dealing; and (4) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq. (Doc. No. 16.) Defendants now move to dismiss Proactive's third party complaint.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) is read along with Rule 8(a), which requires a short, plain statement upon which a pleading shows entitlement to relief. Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 47 (1957) (holding that the Federal Rules require a plaintiff to provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests" (quoting Fed. R. Civ. P. 8(a)(2))); Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the nonmoving party. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of the Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F. 3d 1202, 1216 (9th Cir. 2011).

Although the scope of review is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).

## III. DISCUSSION

### A. Forum Non Conveniens

Defendants contend that Proactive's third party complaint should be dismissed under the doctrine of forum non conveniens. Section 11(d) of the Agreement provides

that: "the parties irrevocably submit to the exclusive jurisdiction of the courts of the State of Victoria, Australia and their Courts of Appeal." (See Doc. No. 30 at 10.)

### 1. Adequate Alternative Forum

"At the outset of any forum non conveniens inquiry, the court must determine whether there exists an alternative forum." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 n.22 (1981); see also Carijano v. Occidental Petroleum Corp., 643 F.3d 1216, 1232 (9th Cir. 2011). "An alternative forum is deemed adequate if: (1) the defendant is amenable to process there; and (2) the other jurisdiction offers a satisfactory remedy." Carijano, 643 F.3d at 1225 (citing Piper, 454 U.S. at 254 n.22). "[T]he determination of adequacy is made on a case by case basis, with the party moving for dismissal bearing the burden of proof." Leetsch v. Freedman, 260 F.3d 1100, 1103 (9th Cir. 2001).

Here, Defendants make no showing regarding this threshold element. (See generally, Doc. No. 28.) They have not demonstrated that they are amenable to service of process in Australia nor have they shown that Australian courts can offer a satisfactory remedy for Proactive's claims. However, the requirement that the alternative forum offer some remedy is adequate is "easy to pass; typically, a forum will be inadequate only where the remedy provided is so clearly inadequate or unsatisfactory, that it is no remedy at all." Carijano, 643 F.3d at 1225–26 (internal citations and quotations omitted). The Court therefore proceeds to the full forum non conveniens analysis.

### 2. The Forum Selection Clause is Valid

Forum selection clauses are presumptively valid and should be honored "absent some compelling and countervailing reason." Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12

(1972)); see also Atl. Marine Const. Co., Ins. v. U.S. Dist. Court for W. Dist. of Tex., 134 S. Ct. 568, 583 (2013).  The party challenging the presumption of validity "bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.'" Murphy, 362 F.3d at 1140 (quoting Bremen, 407 U.S. at 15).  Put differently, a forum-selection clause will not be enforced if: (1) "the inclusion of the clause in the agreement was the product of fraud or overreaching"; (2) "the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced"; and (3) "enforcement would contravene a strong public policy of the forum in which suit is brought." Bremen, 407 U.S. at 12.

Proactive contends that the inclusion of the forum selection clause was a product of fraud or overreaching because Defendants committed fraud or misrepresentation when signing the Agreement.  However, a party seeking to avoid enforcement of a forum selection clause must show that the inclusion of the clause itself into the agreement was improper.  See Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n.14 (1974); Batchelder v. Nobuhiko Kawamoto, 147 F.3d 915, 919 (9th Cir. 1998).  "[S]imply alleging that one was duped into signing the contract is not enough." Richards v. Lloyd's of London, 135 F.3d 1289, 1297 (1998) (citing Scherk, 417 U.S. at 519 n.14); see also LaCross v. Knight Transp., Inc., 95 F. Supp. 3d 1199, 1203–04 (C.D. Cal. 2015).  Moreover, a court need not accept the pleadings as true on a motion to enforce a forum selection clause.  Murphy, 362 F.3d at 1137.  Proactive alleges no facts that suggest Defendants acted improperly when including the forum selection clause in the Agreement.  In fact, Proactive acknowledges that the contract was "a generic, but detailed website agreement provided by [a third party]." (Doc. No. 29 at 6.)  In addition, the forum selection clause is located directly

above the parties' signatures and the choice of a foreign forum was clearly communicated. (See Doc. No. 16, Ex. A at 16.)

Next, Proactive argues that it will be deprived of its day in court if the forum selection clause is enforced. Proactive offers an affidavit signed by its CEO, Edward Johnson. (See Doc. No. 29-2.) Johnson avers that, as a "mom and pop" organization, Proactive does not have the resources or ability to pursue litigation in Australia. (Id. at 2–3.) While the Court does not doubt that litigating this case in Australia would be costly, Proactive provides no evidence beyond a single paragraph in Johnson's affidavit to support its position. This is insufficient to meet Proactive's "heavy burden." Compare Murphy, 362 F.3d at 1141–43 (forum selection clause not enforced where plaintiff lives on disability and could not travel); Petersen v. Boeing Co., 715 F.3d 276, 280–82 (9th Cir. 2013) (forum selection clause not enforced where plaintiff was indigent); with Goldman v. U.S. Transp. & Logistics, LLC, 2017 U.S. Dist. LEXIS 210423 at *11–12 (S.D. Cal. Dec. 20, 2017) (forum selection clause enforced where plaintiff "does not provide sufficient allegations" regarding financial, physical, or other hardships); Trosper v. Synthes USA Sales, LLC, 2013 U.S Dist. LEXIS 83626 at *11–12 (C.D. Cal. June 12, 2013) (expense or inconvenience of prosecuting an action is insufficient).

Proactive also argues that the third Bremen exception applies because California has a public policy of promoting enforcement of its consumer protection laws under Cal. Bus. & Prof. Code § 17200 et seq. Proactive cites no authority for its broad proposition. Rather, district courts in the Ninth Circuit regularly decline to rely on the general public policies enshrined in the UCL to invalidate a forum selection clause. See, e.g., Rowen v. Soundview Communs., Inc., 2015 WL 899294 at *5 n.3 (N.D. Cal. Mar. 2, 2015); Underground Elephant, Inc. v. Ins. Zebra, Inc., 2016 U.S. Dist. LEXIS 164618 at *16

(S.D. Cal. Nov. 29, 2016). As such, Proactive has not met its heavy burden of showing that the forum selection clause is invalid.

### 3. Public Interest Factors Overwhelmingly Disfavor Enforcement

The presence of a valid forum selection clause does not end the analysis. "In the typical case not involving a forum-selection clause, a district court . . . must evaluate both the convenience of the parties and various public-interest considerations." Atl. Marine, 134 S. Ct. at 581. "The calculus changes, however, when the parties' contract contains a valid forum-selection clause." Id. Courts no longer consider "a plaintiff's choice of forum, private interests, or choice of law" and only "consider arguments about public-interest factors" in determining whether to enforce the clause. Id. at 581–82. Public interest factors include: "(1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to the particular forum." Carijano, 643 F.3d at 1232. "[T]he party defying the forum-selection clause . . . bears the burden of establishing" that "public-interest factors overwhelmingly disfavor a transfer." Atl. Marine, 134 S. Ct. at 581, 583.

Here, the first public interest factor—the local interest in the lawsuit—disfavors enforcing the clause. See Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1181 (9th Cir. 2006) (first factor concerns whether "there is an identifiable local interest in the controversy, not whether another forum also has an interest"). Defendants are citizens of California and all aspects of the transaction took place in California. (See Doc. No. 16 ¶¶ 2, 10.) California therefore has a strong interest in the dispute. See Piper, 454 U.S. at 260 ("there is a local interest in having localized controversies decided at home."); see also

Connex R.R. LLC v. AXA Corp. Solutions Assur., 209 F. Supp. 3d 1147, 1151 (C.D. Cal. 2016).

The Court also finds that the second public interest factor—the court's familiarity with governing law—disfavors enforcing the forum selection clause. Proactive only alleges state law claims under California contract law, tort law, and the UCL. (See generally, Doc. No. 16.) Proactive does not allege any claims under Australian law, nor do Defendants assert that Australian law has any relevance.[3] There is no question that this Court is more familiar with California law than Australian courts would be.

The fourth factor is neutral. Neither party offers any analysis or information regarding Australian courts' level of congestion compared to that of the Central District. See City of Almaty v. Khrapunov, 685 Fed. Appx. 634, 636 (9th Cir. 2017) ("the fact that this case may impose added burdens on the Central District of California is of little relevance without a comparison to the congestion of [the foreign court].") This factor is generally accorded little weight in assessing the public interest factors. See In re Air Crash over the Taiwan Strait on May 25, 2002, 331 F. Supp. 2d 1176, 1203 (C.D. Cal. 2004) (citing Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1337 (9th Cir. 1984)).

---

[3] Although the Agreement contains a choice of law provision pointing to Australian law, the Court does not need to make a choice of law determination to decide a forum non conveniens motion. See Lueck v. Sundstrand Corp., 236 F.3d 1137, 1148 (9th Cir. 2001). Moreover, it is unlikely that the choice of law provision would be enforceable anyway. See Patton v. Cox, 276 F.3d 493, 495 (9th Cir. 2002) (federal courts in diversity cases apply forum state choice of law rules); see also Nedlloyd Lines B.V. v. Superior Court, 3 Cal. 4th 459, 464–65 (1992) (choice of law provisions are not enforced if the chosen state has no substantial relationship to the lawsuit and does not have a materially greater interest than California).

Finally, the third and fifth factors also disfavor enforcing the forum selection clause.  Australia has no connection to this lawsuit, so the burden on Australian courts and juries will be significant and unwarranted.  See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508–09 (1947) ("Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.").  The cost of litigating the lawsuit in Australia would also be substantial given that none of the parties or potential witnesses are located in Australia.

As none of the public interest factors favor enforcement of the forum selection clause, the Court declines to dismiss the third party complaint pursuant to the doctrine of forum non conveniens.

### B.  Proper Defendants

Defendants also argue that the third party complaint should be dismissed because Proactive sued the wrong parties.  (See Doc. No. 28 at 4.)  According to Defendants, the appropriate party for suit is Survivalkit.com, LLC ("Survivalkit") because the sale of the survivalkit.com website was conducted between Survivalkit and Proactive—not between Proactive and the individual Defendants.  In support of their argument, Defendants point to the Addendum, which Mkrtchyan signed under his McGucci alias on behalf of Survivalkit as its CFO and co-founder.  (See Doc. No. 16 at 17.)

Proactive contends that Defendants are the correct parties for the lawsuit and should be held individually liable because Mkrtchyan only noted his position as CFO for Survivalkit on the Addendum and did not do so in the main body of the Agreement.  Alternatively, Proactive argues that Defendants signed a certificate of cancellation to dissolve the Survivalkit entity prior to signing the Agreement.  (See Doc. No. 29 at 5; see

9

also id., Ex. A.)  According to Proactive, the proceeds of the transaction did not flow through the LLC due to its dissolution, but instead went directly to the individual Defendants.

These allegations, however, are not found in Proactive's third party complaint.  On a motion to dismiss, the Court's scope of review is limited to the contents of the complaint and exhibits submitted with the complaint.  Hal Roach Studios, Inc., 896 F.2d at 1555 n.19.  In its complaint, Proactive only alleged that the sale was conducted between Johnson, and Survivalkit's CFO, Ray McGucci.  (See Doc. No. 16 ¶ 12.)  Mkrtchyan signed the Agreement on behalf of Survivalkit, so Survivalkit is the party bound by the Agreement and the proper party for suit absent additional facts that justify piercing the corporate veil or applying the alter ego doctrine.  See Cal. Corp. Code § 17703.04(a)(2); see also Turman v. Superior Court, 17 Cal. App. 5th 969, 980–81 (2017).  Proactive's complaint contains no such factual allegations.  Rather, from the face of the complaint, Plaintiff should have named Survivalkit as the defendant.  Accordingly, the Court GRANTS Defendants' Motion.

### C. Leave to Amend

Proactive requests leave to amend its complaint in order to add claims under the alter ego theory of liability against the Defendants individually.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities."  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted).  Accordingly, leave to amend should be denied only when allowing amendment would unduly prejudice the opposing party, cause undue delay, be futile, or if the moving party

acted in bad faith. Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).

Defendants only argue that leave to amend should not be granted because amendment would be futile. (See Doc. No. 32 at 13–14.) The Court disagrees. Under California law, the alter ego doctrine requires (1) a unity of ownership and (2) an inequitable result if the acts are treated as those of the corporation alone. See Turman, 17 Cal. App. 5th at 980–81. In its Opposition, Proactive asserted that Defendants entered into the Agreement on behalf of Survivalkit, even though Defendants dissolved the Survivalkit entity prior to the transaction date. Proactive also asserted that the proceeds of the transaction flowed directly to Defendants, not Survivalkit. These allegations demonstrate that amendment would not be futile. Accordingly, the Court GRANTS Proactive leave to amend to add claims under the alter ego theory of liability.

### D. Third-Party Tort Claims

Federal Rule of Civil Procedure 14(a) provides that: "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a non-party who is or may be liable to it for all or part of the claim against it." "The purpose of . . . rule [14(a)] is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." Southwest Adm'rs, Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986). "Thus, a third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative." United States v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir. 1983).

Here, Defendants do not contest that Proactive's intentional misrepresentation and UCL claims against Defendants are derivative of the underlying lawsuit between Silvertip and Proactive. (See Doc. No. 28 at 11.) Rather, Defendants contend that Proactive's claims for intentional misrepresentation and violation of the UCL are disguised claims for equitable indemnity. (See id. at 11–12.) Because the Copyright Act recognizes no such right for equitable indemnity, Defendants argue that Proactive's third-party tort claims must be dismissed. (Id. at 12.) Even if the Court assumes, arguendo, that Proactive's claims for intentional misrepresentation and violation of the UCL are indeed disguised claims for equitable indemnity, Defendants' argument still fails.

Although Defendants correctly recognize that courts have regularly held that no right to indemnification or contribution exists under the Copyright Act or federal common law (see Doherty v. Wireless Broad. Sys. Of Sacramento, Inc., 151 F.3d 1129, 1130–31 (9th Cir. 1998) (no right to indemnification unless created by Congress or the federal common law); Zero Tolerance Entm't, Inc. v. Ferguson, 254 F.R.D. 123, 126–27 (C.D. Cal. 2008) (no federal right of indemnity under the Copyright Act or Lanham Act)), Proactive and Defendants' Agreement explicitly provides for indemnity arising from losses due to intellectual property infringement. In relevant part, the Agreement provides:

> (a) The Seller warrants that prior to supplying the Assets to the Buyer, the Seller has disclosed to the buyer any Intellectual Property Rights in the Assets which may be held by a third party.
>
> . . .
>
> (c) The Seller hereby indemnifies and keeps indemnified the Buyer, Flippa and Flippa's third party providers ("Indemnified Parties") against any Loss

which the Indemnified Parties may suffer or incur as a result of a breach by the Seller of any of the provisions of this clause . . .

(Doc. No. 16 at 13–14.) Accordingly, the Court DENIES Defendants' Motion to Dismiss Proactive's intentional misrepresentation and UCL claims.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part the Motion to Dismiss. Proactive's First Amended Third Party Complaint, if any, shall be submitted no later than March 19, 2018. Pursuant to Rule 15(a)(2), the Court grants Proactive leave to add claims under the alter ego theory of liability. Proactive may not add other claims without Defendants' consent or the Court's leave.

**IT IS SO ORDERED.**

Dated: 2/28/18

Virginia A. Phillips
Chief United States District Judge