Nicholas Ranallo, Attorney at Law #275016
5058 57th Ave. South
Seattle, WA 98118
Telephone No.: (831) 607-9229
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com
Attorney for Third-Party Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Silvertip Partners, LLC<br><br>        Plaintiff,<br><br>v.<br><br>Proactive Preparedness, Inc.<br><br>        Defendant.<br>v.<br>Ray McGucci, Edgar Lazarian, and Galust Mkrtchyan<br><br>     Third Party Defendants | Case No: CV16-5826-VAP (ASx)<br><br>**Third-Party Defendants' First Amended Joint Answer to Proactive Preparedness' First Amended Third-Party Complaint**<br><br>JURY TRIAL DEMANDED |

## **FIRST AMENDED ANSWER TO AMENDED THIRD PARTY COMPLAINT**

Third-Party Defendants Edgar Lazarian and Galust Mkrtchyan (aka "Ray McGucci"), collectively submit this First Amended Answer to Proactive Preparedness, Inc.'s (hereinafter "Proactive") First Amended Third Party Complaint, filed March 12, 2018 (ECF No. 37). All averments or allegations not specifically admitted herein are denied.

1. Paragraph 1 of Proactive's First Amended Complaint is not an intelligible sentence, and Third-Party Defendants are therefore unable to admit or deny any allegation therein. To the extent Paragraph 1 contains any allegation, Third-Party Defendants deny any such allegation.

2. Admitted.

3. Third-Party Defendants lack sufficient information to either confirm or deny the allegations in Paragraph 3 of Proactive's First Amended Complaint, and therefore deny such allegations.

4. Third-Party Defendants lack sufficient information to either confirm or deny the allegations in Paragraph 4 of Proactive's First Amended Complaint, and therefore deny such allegations.

5. Denied.

6. Denied.

7. Third-Party Defendants admit that Galust Mkrtchyan executed the contract for sale of survivalkit.com on behalf of Survivalkit.com, LLC, using his American name of Ray McGucci, and further admits that he identified himself as CFO for Survivalkit.com, LLC on the Addendum to the contract for sale.  Third-Party Defendants deny all additional allegations in Paragraph 7 of Proactive's First Amended Complaint, and specifically deny any attempt to defraud Proactive.

8. Third-Party Defendants lack sufficient information to either confirm or deny the allegations in Paragraph 8 of Proactive's First Amended Complaint, and therefore deny such allegations.

9. Denied.

10. Denied.

## ALLEGATION OF JURISDICTION

11. Third-Party Defendants deny that the Court has jurisdiction pursuant to 28 USC §1331, as Proactive's claims arise under state law, and do not present federal questions.  Third-Party Defendants deny that this court has jurisdiction pursuant to 15 U.S.C. §1125 as Proactive has not alleged any trademark causes of action.

12. Paragraph 12 states a conclusion of law, to which no response is required.  To the extent a response is deemed to be required, Third-Party Defendants lack sufficient information to evaluate the allegations in Paragraph 12, and upon that basis deny them.

13. Third-Party Defendants admit that the contract at issue was executed in Los Angeles, CA.  The remainder of Paragraph 13 states a conclusion of law, to which no response is required.  To the extent that a response is deemed necessary, Third-Party Defendants deny the remaining allegations in Paragraph 13.

**FACTUAL ALLEGATIONS INCORPORATED INTO EACH CAUSE OF ACTION**

14. Third-Party Defendants repeat and incorporate by reference each admission and denial in the preceding paragraphs as though fully set forth herein.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

**FIRST CAUSE OF ACTION**

19. Third-Party Defendants repeat and incorporate by reference each admission and denial in the preceding paragraphs as though fully set forth herein.  Third-Party Defendants deny the new allegations set forth in Paragraph 19 of Proactive's First Amended Complaint.

20. Denied.

21. Denied.

22. Third-Party Defendants deny that Proactive is entitled to attorney's fees and costs.  Third-Party defendants further deny that Arizona state law has any implication on the instant suit.

## SECOND CAUSE OF ACTION

23. Third-Party Defendants repeat and incorporate by reference each admission and denial in the preceding paragraphs as though fully set forth herein.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Third-Party Defendants deny that Proactive is entitled to attorney's fees and costs. Third-Party defendants further deny that Arizona state law has any implication on the instant suit.

## THIRD CAUSE OF ACTION

29. Third-Party Defendants repeat and incorporate by reference each admission and denial in the preceding paragraphs as though fully set forth herein.

30. Third-Party Defendants lack sufficient information to either confirm or deny the allegations in Paragraph 30 of Proactive's First Amended Complaint, and therefore deny such allegations.

31. Denied.

32. Denied.

33. Third-Party Defendants repeat and incorporate by reference each admission and denial in the preceding paragraphs as though fully set forth herein.

34. Denied.

35. Denied.

## PRAYER FOR RELIEF

Third-Party Defendants deny that Proactive is entitled to a judgment in any amount, and further denies that Proactive is entitled to punitive damages, exemplary damages, attorney fees, or any other relief that may be sought by Proactive via the instant suit.

## AFFIRMATIVE DEFENSES TO FIRST AND THIRD-PARTY CLAIMS

Pursuant to Federal Rules of Civil Procedure 8, 14, and 15, Third-Party Defendants interpose the following affirmative defenses to Silvertip's First-Party Complaint and Proactive's Third-Party claims against the individual third-party defendants as further set forth below.

<u>FIRST AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS</u>

First Party Plaintiff Silvertip Partners, LLC ("Silvertip")'s first-party complaint against Proactive is untimely and barred by the applicable statute of limitations.  Likewise, Third-Party Plaintiff Proactive Preparedness, LLC ("Proactive")'s third-party claims are barred by the applicable statute of limitations

<u>SECOND AFFIRMATIVE DEFENSE – IMPLIED LICENSE</u>

Silvertip's first-party complaint against Proactive is barred by the doctrine of implied license.

<u>THIRD AFFIRMATIVE DEFENSE - LACHES</u>

Silvertip's first-party complaint against Proactive is barred by the doctrine of laches.  Likewise, Proactive's third-party claims are barred by the doctrine of laches.

<u>FOURTH AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE DAMAGES</u>

Proactive's third-party claims are barred in whole or in part by its own failure to mitigate any damages complained of in its third-party complaint.

<u>FIFTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM</u>

Silvertip's first-party complaint fails to state a claim upon which relief can be granted.  Likewise,

Proactive's third-party claims fail to state a claim upon which relief can be granted.

SIXTH AFFIRMATIVE DEFENSE – ACCORD AND SATISFACTION

Silvertip's first-party complaint is barred by the doctrine of accord and satisfaction. Likewise, Proactive's third-party complaint is barred by the doctrine of accord and satisfaction.

SEVENTH AFFIRMATIVE DEFENSE – COMPARATIVE NEGLIGENCE

Proactive's third-party claims are barred in whole or in part by the doctrine of comparative negligence as any damage suffered by Proactive was a result of actions taken by Proactive or its agents and employees.

EIGHTH AFFIRMATIVE DEFENSE – WAIVER AND RELEASE

Silvertip's first-party complaint against Proactive is barred by the doctrine of waiver and release. Likewise, Proactive's third-party complaint is barred by the doctrine of waiver and release.

NINTH AFFIRMATIVE DEFENSE – PREEMPTION

Proactive's third-party claims are preempted by 17 U.S.C. §301 and controlling case law regarding the scope of Copyright Act preemption of state law causes of action.

TENTH AFFIRMATIVE DEFENSE – FAIR USE

Silvertip's first-party complaint is barred by the Copyright Act doctrine of Fair Use.

ELEVENTH AFFIRMATIVE DEFENSE – COPYRIGHT MISUSE

Silvertip's first-party complaint is barred by the doctrine of copyright misuse.

TWELVTH AFFIRMATVE DEFENSE – LACK OF CAUSATION

Proactive's third-party claims are barred in whole or in part, as any injury suffered by Proactive was not legally or proximately caused by any action of third-party defendants.

THIRTEENTH AFFIRMATIVE DEFENSE – INTERVENING OR SUPERSEDING CAUSE

Proactive's third-party claims are barred in whole or in part as any injuries sustained were the result of intervening or superseding causes.

FOURTEENTH AFFIRMATVE DEFENSE – UNCLEAN HANDS

Silvertip's first-party complaint is barred by the doctrine of unclean hands. Likewise, Proactive's third-party complaint is barred by the doctrine of unclean hands.

FIFTEENTH AFFIRMATIVE DEFENSE – CONSTITUTIONALLY EXCESSIVE DAMAGES

Silvertip's first-party complaint against Proactive is barred in whole or in part because it seeks statutory damages that violate the protections of the Eighth Amendment of the United States Constitution.

SIXTEENTH AFFIRMATIVE DEFENSE – WAIVER

Silvertip's first-party complaint is barred by the doctrine of waiver. Likewise, Proactive's third-party complaint is barred by the doctrine of waiver.

SEVENTEENTH AFFIRMATIVE DEFENSE – LACK OF STANDING

Silvertip's first-party complaint is barred by the Copyright Act requirements for standing.

EIGHTEENTH AFFIRMATVE DEFENSE – MUTUAL MISTAKE

Proactive's third-party claims are barred by the doctrine of mutual mistake.

NINETEENTH AFFIRMATIVE DEFENSE – CHOICE OF LAW

Proactive's third-party claims are barred by the contractual choice of law provision. Each of Proactive's third-party claims are grounded in California law, despite the express choice of law provision in the applicable contract(s).

TWENTIETH AFFIRMATIVE DEFENSE – NO INDIVIDUAL LIABILITY

Proactive's third-party complaint against individual third-party defendants are barred in whole or in part by the statutory protections and limitations of liability afforded to members of a California LLC. The individual third-party defendants acted only in their capacity as members of a California LLC and were not alter egos of the entity.

TWENTY-FIRST AFFIRMATIVE DEFENSE – INNOCENT INFRINGEMENT

Silvertip's first-party claims against Proactive are barred in part by the doctrine of innocent infringement.

TWENTY-SECOND AFFIRMATIVE DEFENSE – ESTOPPEL

Silvertip's first-party claims against Proactive are barred by the doctrine of estoppel.  Likewise, Proactive's third-party claims are barred by the doctrine of estoppel.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Third-Party Defendants hereby demand a jury trial of this action.

Respectfully submitted this 16th day of April, 2018

> By: ___/s/ Nicholas Ranallo_____
> NICHOLAS RANALLO (SBN 275016)
> Attorney for Third-Party Defendants
> 5058 57th Ave. South
> Seattle, WA 98118
> Phone: (831) 607-9229
> Email: nick@ranallolawoffice.com